# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) Criminal No. 17-207 ) |
| v. | ) ) |
| NICKY EVANS, | ) ) |
| Defendant. | ) ) ) ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

Defendant Nicky Evans ("Evans") filed a motion to revoke detention order with citation of authorities. (ECF No. 27). The government did not file a response, but argued for detention pending trial before the magistrate judge and this court. The pretrial services officer prepared a report that recommends detention.

Evans is charged in Criminal Number 17-207 with possession of a firearm by a convicted felon on July 23, 2017, in violation of 18 U.S.C. § 922(g)(1). This conduct is also the basis for a petition to revoke Evans' supervised release in Criminal Number 08-411, which is pending before a different member of the court. Detention hearings were held in both cases by different magistrate judges, who reached different decisions. Transcripts of both hearings were provided to the court by defense counsel.

After a *de novo* review of the proceedings before the magistrate judges, as well as a review of the submissions in this case, the pretrial services report prepared by the pretrial services officer, the arguments of counsel, and the hearing held on January 3, 2018, this court

1

denied defendant's motion and ordered that defendant be detained without bond pending trial. This memorandum opinion sets forth the reasons for the court's decision, which were detailed on the record.

As set forth in the July 31, 2017 detention hearing, Evans is charged with attempting to carry a loaded Glock 23 handgun and a magazine with 15 rounds of ammunition into the Serenity Nightclub at 2:27 a.m. on July 23, 2017. Evans set off the metal detectors when he tried to enter the club; club security officers found the magazine; and two Pittsburgh police officers recovered the firearm in an arm sling that Evans was wearing after a medical procedure. The firearm was loaded and one round was in the chamber. Evans explained to the probation officer that he needs to carry a handgun for protection due to his history with violence and gangs.

Evans is 38 years old and has lived in Pittsburgh, Pennsylvania, his entire life. He does not have a passport. He resides in the home of his mother, who is supportive and willing to serve as his custodian. Evans is single and has no children. Evans has a lengthy criminal history, including membership in the Crips gang, several firearms offenses, two convictions for escape (in 1997 and 1998), and several other convictions. Many of the offenses were committed while Evans was on parole and or probation.

Evans was sentenced to 84 months' imprisonment in Criminal Number 08-411 for a RICO conviction resulting from his gang-related activity. He began supervised release on September 15, 2016, and was on supervised release at the time of the July 23, 2017 incident. He worked fulltime from March 2017 until his detention in this case. He had one positive test for marijuana while on supervised release.

II. DISCUSSION

The court's standard of review of a magistrate judge's denial of pretrial detention is *de novo*. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985). The structured system of the Bail Reform Act, 18 U.S.C. § 3141 et seq., regarding the release or detention of a defendant before trial seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered. The court is charged with holding a hearing to determine whether there exists "any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. If the court, however, determines no sufficient condition or combination of conditions exists, the court may order that a defendant be detained without bail pending trial.

In this case, the parties agree that the rebuttable presumption in 18 U.S.C. § 3142(e)(3) does not apply. The government, therefore, bears the burden to prove risk of flight justifying pretrial detention by the preponderance of the evidence standard. The government must demonstrate danger to the community justifying pretrial detention by the clear and convincing standard. United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986).

The court must weigh the four factors set forth in § 3142(g) in determining whether pretrial detention is warranted. The four factors are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

3

(3) the history and characteristics of the person, including-

   a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

A. Risk of Flight

"The purpose of a Section 3142(g) risk of flight determination…is to secure the appearance of the accused at trial. Himler, 797 F.2d at 161-62 (citing United States v. Maull, 773 F.2d 1479 (8th Cir. 1989) (risk of flight shown by prior attempt to leave the country in order to flee prosecution); United States v. Vortis, 785 F.2d 327 (D.C. Cir. 1986) (risk of flight shown by possession of fraudulent passports and a planned trip to Liberia)). The court considers such factors as defendant's ties to the community, family ties, his record of appearance at other criminal proceedings, and lack of a passport.

The government points to Evans' two prior convictions for escape. These convictions were twenty years ago and occurred in the context of apprehension for the underlying crimes. Defendant points to his lifelong residence in Pittsburgh, Pennsylvania, his mother's willingness to act as custodian, his work history, and his general compliance (other than the firearm incident) with his conditions of supervision since beginning supervised release in

4

2016. He reported the July 23, 2017 incident to his probation officer the next day, met with her in person, and returned voluntarily to meet with her later that week.

The court concludes, after considering the record as a whole and the § 3142(g) factors, that the government did not prove by a preponderance of the evidence that Evans presents a flight risk that cannot be addressed by any combination of conditions of release.

B. Danger to the Community

Evans argues that conditions of supervision can be imposed to ensure the safety of the community. He contends that he is charged merely with possession, not use, of a firearm and that his criminal history of violence is long ago, when he was a juvenile. The government contends that although Evans is charged with being a felon in possession of a firearm, the circumstances of that offense combined with Evans' personal characteristics pose a significant danger to the community.

After considering the record as a whole, including consideration of the nature and circumstances of the offense charged, the strong weight of evidence against Evans, the history and characteristics of defendant, and the nature and seriousness of danger to the community posed by defendant's release, the court is persuaded that the government presented clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released. 18 U.S.C. 3142(f).

1. Nature and circumstances of the offense charged

The first factor set forth in § 3142(g) requires the court to consider whether the offense charged involves certain categories of conduct, including whether the offense charged involves a

firearm. Because Evans is charged in Criminal Number 17-207 with possession of a firearm and ammunition by a convicted felon, this factor weighs against him.

2. Weight of the evidence

The evidence against Evans is strong – as a convicted felon, Evans is not allowed to possess a gun and officers recovered a gun from his person. Security personnel at the Serenity nightclub recovered a magazine and fifteen rounds of ammunition from his person. This factor weighs against him.

3. History and characteristics of the person

As discussed above, Evans has strong ties to this district and his family is here. These facts do not bear on his dangerousness to the community. *See United States v. Matthias*, No. CR 2016-0025, 2017 WL 1536430, at *17 (D.V.I. Apr. 27, 2017), and decisions cited therein. Evans has a lengthy criminal record, including numerous convictions while on probation or parole. Several convictions were related to possession of a gun. Possession of a firearm is prohibited by the terms of his supervised release in Criminal Number 08-411. Evans is a former gang member. Evans told the probation officer that he needed the firearm for self-protection. He obtained the gun at issue while living with his mother. There is every reason to believe that Evans has the ability and desire to again possess a firearm if he is released. There is no reasonable way to structure conditions of release that would prevent him from doing so. This factor weighs strongly against him.

4. Nature and seriousness of the danger to the community

Of great concern to the court is Evans' decision to take a loaded firearm into a nightclub late at night. That conduct posed a serious, stark danger to the community. A situation

involving crowds of people, alcohol and guns is volatile. Many innocent bystanders could have been affected by an incident resulting from Evans' conduct.

The court needs to consider whether Evans, if released, is likely to present a similar danger in the future. With his self-expressed need to protect himself, it is likely that Evans could be threatened or placed in a tense situation. The court must conclude that given his past possessions of firearms and his current charge, he is likely to again possess a firearm and poses a risk to use a firearm. This factor weighs strongly against him.

The government met its burden by clear and convincing evidence. The court concludes there is no condition or set of conditions which would reasonably assure that defendant would not pose a danger to the community while on release pending trial. The court will, therefore, enter an order of detention for Evans pending trial.

## V. CONCLUSION

The government met its burden to show by clear and convincing evidence that defendant poses a risk of danger to the community if released prior to trial. Defendant's motion to revoke detention order with citation of authorities (ECF No. 27) will, therefore, be DENIED. An appropriate order will be entered.

Dated: January 8, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge